No. 14-1189    *State of West Virginia ex Rel. J.C., a Minor, by and Through His Mother and Next Friend, Michelle C. v. The Honorable James P. Mazzone, Lead Presiding Judge, Zoloft Litigation, Mass Litigation Panel; Pfizer, Inc., Roerig, a Division of Pfizer, Inc.; and Greenstone, LLC f/k/a Greenstone, Ltd.*

**FILED**

**April 10, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, J., dissenting:

In this case, the majority opinion refuses to grant the writ of prohibition sought by the plaintiff families to prevent enforcement of the Mass Litigation Panel's order granting the defendants' motion to dismiss the claims of twenty plaintiff families on the ground of forum non conveniens. I dissent because I believe a motion to dismiss based upon forum non conveniens filed two years after litigation was begun simply is not timely as required by W. Va. Code § 56-1-1a(a) (2006) (Repl. Vol. 2012).

The litigation of the instant matter has taken a long and tortured route that has included two attempts by the defendants to remove the case to federal court and a prior petition to this Court. There also was an earlier motion to dismiss a New York plaintiff family based upon forum non conveniens filed in 2012 in the circuit court of Wayne County. That motion was denied. A motion to dismiss based upon forum non conviens should typically be filed early in the course of litigation. Indeed, the Legislature has declared that such a motion

1

is timely if it is filed either concurrently or prior to the filing of either a motion pursuant to Rule twelve of the West Virginia Rules of Civil Procedure or a responsive pleading to the first complaint that gives rise to the grounds for such a motion: Provided, That a court may, for good cause shown, extend the period for the filing of such a motion.

W. Va. Code § 56-1-1a (b). There has been no showing of good cause to extend the period for filing the motion in the instant matter. The factors relied upon by the defendants to support their motion were obvious from the time the complaints were filed. Under these circumstances, the defendants motion should have been refused as untimely.[1] For this reason, I respectfully dissent. I am authorized to state that Chief Justice Workman joins me in this dissent.

---

[1] I understand that the Mass Litigation Panel entered a case management order that included a deadline for Rule 12 motions to dismiss, and the plaintiffs failed to raise an objection to that order. While the better course would have been for the plaintiffs to challenge the case management order, under the particular facts presented in this matter, I would find that the order failed to establish good cause for extending the time for the motion at issue herein.

2